<hr />

(22 Misc. Rep. 12.)

### WETTER v. LEWIS et al.

(City Court of New York, General Term. December 11, 1897.)

**1. CORPORATIONS—LIABILITY OF TRUSTEES—CORPORATE DEBTS.**
An action against the trustees of a hospital organized under Laws 1848. c. 319, as amended by Laws 1853, c. 487, which provides that the trustees of any corporation organized under the act, present at any meeting authorizing any debt, and acquiescing in the order authorizing the same, shall be liable for such debt, cannot be sustained by proof of a judgment against the corporation, as it does not show that defendants authorized the contracting of the original debt.

**2. SAME—EVIDENCE.**
Liability of trustees of a corporation organized under Laws 1848, c. 319, § 7, as amended by Laws 1853, c. 487, is not sustained by proof of a money judgment against the corporation, as such judgment is not res judicata as to the individual trustees.

Appeal from trial court.

Action by John F. Wetter against William H. Lewis and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before CONLAN and O'DWYER, JJ.

W. R. Spooner, for appellants Lewis and others.
Langbein Bros. & Langbein, for appellant Heffter.
Z. Kurzman, for respondent.

CONLAN, J.    The action is brought against the defendant Heffter and others, individually, by reason of an alleged liability as trustee of the Woodstock Hospital, incorporated under the act of 1848, and the section of the act under which the defendants are sought to be held liable is as follows:

"Sec. 7. Liability of Trustees. The trustees of any company or corporation. organized under the provisions of this act, present at any meeting authorizing the contraction of any debt and acquiescing in the passage of any resolution or order authorizing the same shall be jointly and severally liable for any such debt, provided a suit for the collection of the same shall be brought within one year after the debt shall be due and payable."

The plaintiff recovered a judgment against the Woodstock Hospital upon the obligation set out in the complaint, and, upon the trial of this action, offered in evidence the judgment roll in the former action, for the purpose of proving the debt in question, as is supposed, and by its nonpayment to fix the liability of the defendants, on the ground of their being trustees of the corporation at the time the debt was contracted.    The judgment was one taken by default, after service upon the defendant Kunitzer, as trustee.    Kunitzer does not answer in the present action, but is used by the plaintiff as a witness in his behalf, to prove the matters in controversy.    This judgment record was objected to on the ground that the plaintiff sues upon a statute which provides for the liability of trustees, based upon indebtedness to which they assented at the time of the contracting therefor, provided suit be brought within one year; and we think the admission of this judgment roll in evidence for the purpose mentioned is error.    The judgment itself is merely the evidence of a debt against the corporation, but it is not evidence of the debt against the trustees individually.    Before this judgment could have been admitted for the purpose of establishing any proposition whatever, in an action of this character, there must have been proof that the defendant authorized the contraction of the debt for which the judgment was recovered.    This is not an action affecting the liability of the trustees for failing to file a report, but is a special statutory provision in a special statute, and must be strictly followed, for in no other way than as provided by the act itself can any liability be attached to these defendants.    We have seen that, in order to maintain the present action, the defendants, in their capacity of trustees, must have authorized the contracting of the debt, for the recovery of which the action must be brought within one year thereafter.    Now, the only proof of any debt in favor of the plaintiff is this very judgment roll; and, for aught that appears to the contrary, the contracting of any debt had not been authorized prior to the recovery of this very judgment, nor by any fact alleged, and therefore its admission in evidence could only be accounted for upon the theory that it was res adjudicata between the parties plaintiff and defendant; but it was not res adjudicata, and the defendants were not parties to that action, and had no day in court on the issue of goods sold and delivered, or of the promissory note sued upon, and it was not competent as evidence against them, for any purpose, in this form of action.    In the case of an action against trustees for not filing a

report, it would be perfectly proper as evidence of a debt against the corporation; and, when followed up by proof of the issue and return of an execution unsatisfied, the plaintiff is in position, in that form of action, to prove by the records that no annual report had been filed, and then the trustees' liability as individuals attaches at once. Here the case is far different. Aside from this very judgment roll, there is not one scintilla of evidence in the case of any debt in favor of the plaintiff, and the plaintiff cannot claim any benefit from it, even though it be in evidence, as an authorization for the contracting of the debt in question. In Collins v. Hydron, 135 N. Y. 320, 32 N. E. 69, the court held that a former adjudication concludes a party only in the character in which he was sued, and here defendants were not even parties to that action, and they cannot thus be deprived of their right to dispute any of the allegations contained therein. Its introduction, therefore, could not fasten upon them any liability. They are, each of them, entitled to their day in court, and, as there was no evidence of a debt against them, there could hardly be a recovery.

The court charged the jury, in substance, that the judgment roll was evidence of the indebtedness of the corporation, clearly showing the purpose for which it was admitted, but there could not be any debt unless it had been previously authorized by the defendants in their capacity as trustees; and on this branch of the case we think the exclusion of evidence under plaintiff's objection at folios 78, 80, and 87, where it was sought to introduce the minutes of the corporation, for the purpose of showing that no meetings had been held at which the defendants were present as trustees, and voted to contract the debt in question, is error. The plaintiff's witnesses were not able to fix the dates of the alleged meetings, and the minutes were the best evidence of the fact; and the defendants were clearly entitled to the benefit of any evidence which would have been adduced by their being admitted in evidence. Whatever else may be said as to the merits of the case at bar, it is very clear from an examination of the record that there was a total failure of proof, such as is required, to fix the liability for the debt in question upon these defendants.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.

O'DWYER, J., concurs.